RECEIVED
IN LAKE CHARLES, LA
JUL 12 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **THOMAS JOSEPH DORAN** | : | **DOCKET NO. 06 CV 2107** |
| **VS.** | : | **JUDGE MINALDI** |
| **ALLSTATE INSURANCE COMPANY** | : | **MAGISTRATE JUDGE WILSON** |

### MEMORANDUM RULING

Before the court is plaintiff Thomas Joseph Doran's Objection to the Magistrate Judge's Report and Recommendation ("R/R") [doc. 23].

### BACKGROUND

On September 22, 2006, Doran filed suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana against Allstate Insurance Company ("Allstate"). Doran claimed that Allstate had not adequately adjusted or paid his claim for property damage arising from Hurricane Rita. On November 8, 2006, Allstate removed the case to federal court on the basis of diversity jurisdiction.

On December 6, 2006, Doran filed a Motion to Remand by which he argued that the amount in controversy does not exceed the jurisdictional amount of $75,000. Attached to the remand motion was an affidavit which stated, "the value of this claim against Allstate Insurance Company does not exceed the value of $75,000, exclusive of costs." Doran's Motion to Remand was referred to the magistrate for report and recommendation.

On March 19, 2007, the magistrate recommended that Doran's motion be denied, finding that

1

"[n]othing in the affidavit guarantees that Doran's claims are limited to $75,000, or that if more than $75,000 were to be awarded, he would forgo any such amounts. The affidavit is not a stipulation, and does not show to a legal certainty that Doran cannot recover more than the jurisdictional minimum."[1] Doran thereupon filed an objection to which he attached a sworn "Stipulation/Renunciation." That document states, in relevant part:

> I, THOMAS JOSEPH DORAN...hereby waive any and all damages to which I may be entitled against Allstate Insurance Company, which exceeds the total sum of $75,000, exclusive on [sic] interest and costs, and I affirmatively renounce and agree to not seek in the future to enforce any Judgment whatsoever which may exceed the total sum of $75,000, excluding interest and costs.[2]

The court then scheduled a telephone conference, which was held on May 23, 2007. At the conference, the parties were informed that the court was not completely satisfied with Doran's Stipulation/Renunciation because it did not speak to the amount in controversy at the time of removal.[3] The parties were further informed that the court would remand the case provided that Doran filed an amended stipulation which addressed the amount in controversy at the time of removal.[4] Doran has filed a second affidavit which states, "At the time the defendant removeed the captioned matter from the State District Court, the value of Plaintiff's claim did not exceed $75,000."[5]

---

[1] R/R 4.

[2] Doc. 23.

[3] *See* May 29, 2007 Minute Entry [doc. 24].

[4] *Id.*

[5] Doc. 25.

2

## ANALYSIS

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also *receive further evidence* or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636 (2006) (emphasis added). "[T]he district court makes 'a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made'." *U.S. v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406 (1980) (emphasis omitted)). The court will therefore consider whether the plaintiff's post-removal affidavits are sufficient to effect remand.

A post-removal stipulation or affidavit should be considered only to the extent that it clarifies an ambiguous complaint. *See, e.g., Davis v. State Farm Fire & Cas.*, 2006 WL 1581272, *3 (E.D.La. 2006) ("If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.") (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993)); *see also* 14C C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3725 (citing *Associacion Nacional, supra*, and others). This is because the amount in controversy is determined on the basis of the record as it exists the time of removal. *Associacion Nacional*, 988 F.2d at 565; *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their

pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Davis v. State Farm Fire & Cas.*, 2006 WL 1581272, at *2.

The instant stipulation is sufficient under the *Davis* standard in that Doran renounces his right to damages in excess of $75, 000. The second affidavit [doc. 25] affirmatively states that the amount in controversy at the time of filing was less than $75,000 and thereby clarifies an ambiguous complaint.

Accordingly, the above-captioned case will be remanded to state court.

Lake Charles, Louisiana, this 29 day of June, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4